

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLORIA AUCOIN** | CIVIL ACTION |
| **VERSUS** | NO. 05-3775 |
| **WARDEN JOHNNIE JONES** | SECTION "I" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Gloria Aucoin ("Aucoin"), filed a petition seeking *habeas corpus* relief pursuant to Title 28 U.S.C. § 2254, related to her present conviction for first degree murder. The

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner has shown that either the claim relies on: a new, retroactive rule of constitutional law that was previously unavailable, or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

Court's research reveals that Aucoin was convicted of First Degree Murder on November 19, 1977 in the Fifteenth Judicial District Court of Louisiana for Lafayette Parish. She was sentenced to life imprisonment.

Lafayette Parish is located within the jurisdictional boundaries of the United States District Court for the Western District of Louisiana. Title 28 U.S.C. § 98(c). The petitioner is presently incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana, which is located in Iberville Parish, within the boundaries of the United States District Court for the Middle District of Louisiana. Title 28 U.S.C. § 98(b).

## II.  Improper Venue and Lack of Jurisdiction

Title 28 U.S.C. § 2241(d) provides for the proper venue in filing a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Thus, in a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which she was convicted and sentenced. In the instant matter, Aucoin was convicted within the jurisdiction of the United States District Court for the Western District of Louisiana and is incarcerated within the Middle District of Louisiana. Therefore, this Court is not a court of proper venue for the filing of this habeas corpus petition under either consideration.

The United States Court of Appeals for the Fifth Circuit has held that this venue statute is jurisdictional. *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966), *cert. denied*, 385 U.S. 940, *reh'g denied*, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Aucoin's petition, since she is not incarcerated in this district, either at the time she filed her complaint or currently, and she was not convicted or sentenced in this district. Aucoin has no discernable connection with this District.

In addition, because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Western District or Middle District where the petition may properly have been filed. Although some courts have held that such transfer orders may be made, *United States ex rel. Ayala v. Tubman*, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); *United States ex rel. Ruffin v. Mancusi*, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus petitioner files her petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. *United States ex rel. Jimenez v. Convoy*, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); *United States ex rel. Griffin v. LaVallee*, 270 F. Supp. 531, 532 (E.D.N.Y. 1967); *see also Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (citing *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000)).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, <u>which is fundamental and cannot be disregarded</u>." *Jimenez*, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like *Ayala* primarily bases its view that a transfer order is permissible

on an interpretation indicating that § 2241(d) is more in the nature of a venue statute than a jurisdictional statute. *Ayala*, 366 F. Supp. at 1270.

While there is certainly case law authority to support transfer of this case to the Western or Middle District of Louisiana, a literal interpretation of the statute does not. The statute expressly uses the word "jurisdiction" rather than venue. The clear implication of its second sentence is that a permissible transfer is only from one court with jurisdiction to another court with jurisdiction. These mandates, coupled with the Fifth Circuit's clear holding in *Webb* that the statute is jurisdictional, are persuasive to find that, because this court lacks subject matter jurisdiction, it should not address the case further. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall dismiss the action</u>." Fed. R. Civ. P. 12(h)(3) (emphasis added). Dismissal is therefore recommended.

### III. Second or Successive Petition

Furthermore, in this case there is an additional reason why dismissal is the remedy preferable to transfer. Specifically, Aucoin has filed four prior habeas corpus petitions in the Western District of Louisiana related to this conviction.[2] Her first habeas petition raising one claim for relief was denied on the merits by Judgment of the Western District on April 24, 1984.[3] Andrews appealed and the United States Fifth Circuit Court of Appeals affirmed by decision dated May 2, 1985.[4]

---

[2] *Aucoin v. Jones*, Civ. Action No. 84-CV-0097 (W.D. La.); *Aucoin v. Warden, Louisiana Correctional Institute for Women*, Civ. Action No. 86-CV-0769 (W.D. La.); *Aucoin v. Warden Johnnie Jones*, Civ. Action No. 99-CV-2226 (W.D. La.); *Aucoin v. David Harriman*, Civ. Action No. 2000-MC-00002 (W.D. La.).

[3] *Id.*, 84-CV-0097.

[4] *Id.*, *Aucoin v. Jones*, 759 F. 2d 449 (5th Cir. 1985).

Aucoin's second petition for habeas relief filed on April 9, 1986 and asserting four claims for relief related to this same conviction was dismissed by the Western District as an abuse of the writ by judgment of August 8, 1986.[5] Aucoin appealed to the United States Fifth Circuit Court of Appeals, which granted a certificate of probable cause in December 1986.[6] The Fifth Circuit found that the district court abused its discretion by dismissing Aucoin's petition as an abuse of the writ. Nonetheless, the court found that petitioner's claims lacked merit.[7]

Aucoin's subsequent second or successive habeas petitions were transferred by the Western District Court to the United States Fifth Circuit Court of Appeals.[8] The Fifth Circuit denied petitioner authorization to file a second or successive habeas corpus petition.[9] Thus, because Aucoin has not obtained authorization from the United States Fifth Circuit Court of Appeals to file a second or successive § 2254 petition as required by Title 28 U.S.C. § 2244, a district court is prohibited from considering the second or successive claims. Title 28 U.S.C. § 2244(b)(3)(A). A district court is also **required to dismiss** any claims that are not authorized for review by the appellate court. Title 28 U.S.C. § 2244(b)(4).

Thus, transfer to the Western District (or the Middle District) would be futile since that district court would also lack authority and jurisdiction to consider the second or successive petition without the required authorization from the United States Fifth Circuit. Furthermore, it is

---

[5] *Id.*, Civ. Action No. 86-CV-0769 (W.D. La.), Rec. Doc. No. 8.

[6] *Id.*, Rec. Doc. No. 12.

[7] *Aucoin v. Warden, Louisiana Correctional Institute for Women*, 824 F.2d 970 (5th Cir. 1987).

[8] Civ. Action No. 99-CV-2226 (W.D. La.) and Civ. Action No. 2000-MC-00002 (W.D. La.).

[9] *In Re Gloria Simon Aucoin*, Appellate No. 00-30129 (5th Cir. Apr. 4, 2000).

inappropriate to transfer the petition to the United States Fifth Circuit under Title 28 U.S.C. § 1631 as a motion for authorization, as is the court's normal procedure, since this Court is not a court of proper venue and lacks jurisdiction over the petition and Aucoin even if the authorization is granted.

Instead, for all of the reasons set forth above, the court should dismiss this improperly filed petition for improper venue, lack of jurisdiction, and failure to obtain the required authorization to file a second or successive petition.

IV.   **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Gloria Aucoin's petition for issuance of a Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for improper venue, lack of jurisdiction, and failure to obtain authorization to file a second or successive petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____6th____ day of ____February____, 2006.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE
